**Pennhurst Medical Group v. Johnson**

*Diana R. Kadash,* for plaintiff.
*Adam R. Elgart,* for defendant.

WOOD, *J.,* December 18, 1995—This matter is before me on defendant Satyabama Johnson's preliminary objections to plaintiff Pennhurst Medical Group's declaratory judgment action. Pennhurst, a Pennsylvania corporation, entered into an agreement with Johnson, an Oklahoma resident, whereby Johnson agreed to provide medical services to an Oklahoma hospital for one year. The parties' agreement included a forum selection clause whereby the defendant consented to the exercise of personal jurisdiction by Pennsylvania courts. Johnson has nevertheless challenged jurisdiction on constitutional grounds.

The substantive issue in this declaratory judgment action is whether or not, under the terms of the agreement, Pennhurst's payments to Johnson are contingent upon the state of Oklahoma's payments to Pennhurst.

Neither the state nor the hospital has fully paid Pennhurst for Johnson's services and Johnson allegedly seeks compensation under the terms of the agreement. However, I must first decide whether I have jurisdiction over Johnson before I can proceed to the substantive issues.

Johnson's contract does, by its terms, oblige her to submit to the jurisdiction of the Pennsylvania courts. However, she has attached an affidavit to her preliminary objections in which she alleges that she negotiated and executed her contract with Pennhurst in Oklahoma. This affidavit is unchallenged. Johnson goes on to state that she did not negotiate or discuss the forum selection clause and did not understand its significance. She asserts that it would be a hardship if she were forced to defend this suit in Pennsylvania because she cares for her mother and husband, who both suffer from serious medical problems. She also asserts that other physicians have brought suit against Pennhurst in Oklahoma and the fact that Pennhurst has an action pending against the State of Oklahoma, as reasons why jurisdiction is improper in Pennsylvania. Under Pa.R.C.P. 1028 when preliminary objections on jurisdictional grounds raise an issue of fact, I may consider evidence "by depositions or otherwise" to resolve the issues. Pa.R.C.P. 1028(b)(2).

## DISCUSSION

State courts have personal jurisdiction over parties having minimum contacts with the state. *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); 42 Pa.C.S. §5322. Minimum contacts exist where a party conducts activities within a state. *Id.* Parties can also consent to personal jurisdiction. *Churchill Corp. v. Third Century Inc.*, 396 Pa. Super. 314,

321, 578 A.2d 532, 535 (1990). Generally, a forum selection clause should be respected as evidence of consent to personal jurisdiction where the parties have freely agreed to the forum and the agreement is not unreasonable at the time of litigation. *Id.* In *Burger King,* the United States Supreme Court upheld a forum selection clause in a franchise agreement. In *Churchill,* the Superior Court considered whether Pennsylvania courts had jurisdiction to enjoin a Missouri corporation from bringing suit against a Pennsylvania company in the Missouri courts. Churchill, a Pennsylvania corporation, leased office equipment from Third Century, a Missouri corporation. The lease agreement contained choice of law and forum selection clauses which stated that jurisdiction would be deemed proper in the Missouri courts and that the contract would be deemed executed in Missouri, regardless of where it was actually signed. Churchill's president never read and did not understand the import of the clause.

The Superior Court found that the forum selection clause contained in the parties' lease agreement was insufficient to confer jurisdiction on the Missouri courts. In reaching this conclusion the court explained that

"[a]n agreement is unreasonable where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue its cause of action. Mere inconvenience or additional expense is not the test of unreasonableness if the plaintiff received under the contract consideration for its agreement to litigate in a specified forum. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by its agreement." Chur-

chill, supra at 321-22, 578 A.2d at 536 (citing *Central Contracting v. Youngdahl,* 418 Pa. 122, 209 A.2d 810 (1965)). (citations omitted) The court noted that there was no evidence that the parties negotiated the forum selection clause and Churchill (the Pennsylvania corporation) received no consideration for agreeing to the clause. In fact, the court found that Churchill was not even aware of the clause. The court explained that Missouri could not do substantial justice to the cause of action because whatever the outcome of the case in Missouri, nothing would compensate Churchill "for the extraordinary expenses they [would] incur litigating in a forum to which they have virtually no connections whatsoever." *Churchill, supra* at 323, 578 A.2d at 537. The court found that unlike the situation in *Burger King,* where the long-term business relationship between a franchisee and franchisor made the forum selection clause reasonable, Churchill's only contact with Missouri was the purchase of a single piece of office equipment. The court held that Pennsylvania had jurisdiction over the Missouri corporation by virtue of its minimum contacts with Pennsylvania and they could enjoin it from pursuing Churchill in the Missouri courts despite the existence of the forum selection clause. The court stated that

"[w]here it is more expensive to defend a cause of action than to pay a default judgment solely because of the location in which the matter is being adjudicated, litigation in the foreign forum is no longer a matter of mere convenience or additional expense; rather it rises to the level of serious impairment of the parties' ability to defend against the action." *Churchill, supra* at 322, 578 A.2d at 536.

In this case enforcement of the forum selection clause is unreasonable for several reasons. The expense of travelling to Pennsylvania to defend this suit amounts to more than mere inconvenience or additional expense when compared with the amount of money at issue. The fact that the clause was not negotiated or explained to Johnson also weighs against its enforcement. Johnson's contacts with the State of Pennsylvania do not rise to the level of minimum contacts. It would offend "traditional notions of fair play and justice" to expect Johnson to be haled into court in Pennsylvania based on language in an employment contract where defendant has had no other contacts with this state at all.

It does seem to me that the language in *Churchill* confuses forum non conveniens with the constitutional limitations of in personam jurisdiction. However, it also seems clear to me that *Churchill* stands for the proposition that Pennsylvania will not enforce a forum selection clause where there are no minimum contacts and enforcement of the forum selection clause is unreasonable.

*Churchill* involved the obverse of our present situation. The court in that case was deciding whether a Pennsylvania resident was subject to the jurisdiction of another state. Nevertheless, what's sauce for the goose is sauce for the gander. Defendant here is entitled to the protection of *Churchill,* and I must dismiss the action for lack of jurisdiction.

## ORDER

And now December 18, 1995, upon consideration and after argument, defendant's preliminary objection regarding jurisdiction is hereby sustained and plaintiff's action is dismissed.